## The People of the State of Illinois, Appellee, v. D. W. Hoban, Appellant.

### Gen. No. 14,390.

1. Larceny—*what constitutes.* A person who has purchased waste paper and who finds therein unused stamped envelopes which he has no reason to believe had been acquired by such purchase, is guilty of larceny if he appropriates such envelopes to his own use.

2. LARCENY—*when value of stolen property need not be found.*
In order to sustain a conviction of petty larceny, the court, if the
cause is tried without a jury, need not find the value of the property
stolen in order validly to convict.

Appeal from the Municipal Court of Chicago; the Hon. JOHN R.
NEWCOMER, Judge, presiding. Heard in the Branch Appellate Court
at the March term, 1908. Affirmed. Opinion filed February 16,
1909.

· **Statement by the Court.**    The appellant  was
charged, by an information filed in the Municipal
Court, with stealing and carrying away, etc., forty
stamped envelopes valued at $1.   A jury was waived
and the court found the defendant "guilty as charged
in the indictment" and sentenced him to pay a fine of
$25 and costs, from which sentence and judgment he
prosecutes this appeal.

The evidence at the trial tended to show that the
Barrett Manufacturing Company had the words,
"Barrett Manufacturing Co., Chicago. Barrett's
Brands standard everywhere. B. on every roll,"
printed on the upper left-hand corner of each envel-
ope of a lot of 10,000 United States two-cent stamped
envelopes, and sent said lot of envelopes to Buckley
Dement & Co. to be addressed; that the Illinois Paper
Stock Company, a corporation of which defendant
was president, bought from Buckley Dement & Co.
their waste paper, in bales of 500 pounds each, at
thirty cents per hundred, in July and August, 1907;
that about September 1, 1907, a sorter of waste paper
in the service of said Illinois Paper Stock Company,
in sorting waste paper, found forty or more two-cent
stamped envelopes with the words above quoted
printed in the left hand corner of each, and took them
to the defendant, telling him where she found them;
that he put them in his drawer, and from time to time
thereafter used several in sending through the mail
bills and receipts of his company; that about Novem-
ber 22, 1907, an officer went to defendant's office with
a search warrant, asked defendant if he had such en-

velopes, and the defendant at once produced and gave to the officer a number of said envelopes, saying that they had been found in the waste paper.

PIERSON & PEASE, for plaintiff in error.

JOHN J. HEALY and CLIFFORD G. ROE, for defendants in error.

MR. JUSTICE BAKER delivered the opinion of the court.

From the facts proven the court might properly find that the stamped envelopes found by the sorter and by her delivered to the defendant, were envelopes of the Barrett Manufacturing Company which that company delivered to Buckley Dement & Co. to be addressed, and which in some way, not explained, got into one of the bales of waste paper which that firm sold to the Illinois Paper Stock Company. The envelopes were bailed by the Barrett Company to Buckley Dement & Co. to be addressed. When they undertook to return them to the Barrett Company the bailment ended. If by any means some of the envelopes so received were not returned but remained in the custody of Buckley Dement & Co., they had only the custody and not the possession of such envelopes. By the sale and delivery of the bales of paper in which such stamped envelopes were by Buckley Dement & Co. to the Illinois Paper Stock Company, the custody only, not the possession, of said stamped envelopes passed to said Paper Stock Company. When a sorter in the service of the Paper Stock Company found in the waste paper the stamped envelopes and took them to the defendant, her superior, the custody of such envelopes was not changed. Her act was not a taking, not a trespass. The taking, the trespass, was when the defendant appropriated to his own use, or the use of the corporation of which he was president, some of the envelopes, and was a taking from

the possession of the Barrett Manufacturing Company.

The printing on the envelopes afforded the defendant reasonable means of at once ascertaining the owner. He testified that he knew that the envelopes did not belong to him; knew that there was no intention on his part to buy, or on the seller of the waste paper, to sell stamped envelopes at thirty cents a hundred pounds. Asked why he did not send them back to the Barrett Manufacturing Company, whose name was printed on the envelopes, he answered: "I figured that some· printer who printed them had thrown them back in and if I sent them back to the Barrett Manufacturing Company it would react on the printer and stop his business."

When a person bought a bureau at public auction in which he afterwards discovered, in a secret drawer, a purse containing money which he appropriated to his own use, it was held that if the purchaser had no reason to believe that anything more than the bureau itself was sold, the abstraction of the money was a felonious taking and he was guilty of larceny in appropriating it to his own use. Merry v. Green, 7 M. & W. 623; Cartwright v. Green, 8 Ves. 405, 2 Leach C. C. 952. Here the defendant, by his own admission, knew when he appropriated some of the stamped envelopes that his corporation had not bought them, and that they were the property of the Barrett Manufacturing Company, and we think that the finding and judgment that he was guilty of larceny in so doing cannot be said to be against the evidence. We find no error in the rulings of the court on questions of evidence.

By its finding the court found, "the defendant guilty as charged in the information," and did not find the value of the stolen property. To sustain a sentence of imprisonment in the penitentiary for grand larceny, or receiving stolen property, there must be a finding that the value of the property stolen

or received exceeds $15. Tobin v. The People, 104 Ill. 568. But such finding is not necessary to sustain a conviction of petit larceny.

Finding no error in the record the judgment will be affirmed.

*Affirmed.*